Hugo ESPAILLAT, Plaintiff,

v.

A. H. BULL STEAMSHIP CO., Defendant and Third Party Plaintiff,

Frederick RINALDI and Charles A. Ehlert, co-partners doing business under the name and style of F. Rinaldi & Co., Third Party Defendants.

United States District Court
S. D. New York.
June 28, 1957.

Herbert Kahn, by Antonio Martinez, William L. Standard, of counsel by Marvin E. Segal, New York City, for plaintiff.

Sidney Horowitz, New York City, prior atty., for plaintiff.

DAWSON, District Judge.

This is a motion for an order clarifying and determining the fees to which

certain attorneys are entitled out of a settlement which has been made in this case.

It appears from the motion papers that the plaintiff originally retained Sidney Horowitz, Esq. as his attorney to prosecute this action. It is stated that this attorney was to receive a 50% contingent fee retainer, although no copy of the retainer agreement appears in the motion papers. Thereafter Mr. Horowitz instituted this action. It is alleged that during the pendency of the action he secured an offer of a settlement of $2,500, over and above a Workmen's Compensation lien of $930, and that the client rejected this offer and changed attorneys, retaining Herbert Kahn, Esq. in place of Mr. Horowitz. It is alleged that it was agreed on the substitution that Mr. Horowitz was to receive 50% of any amount in excess of the compensation lien, but that the amount to be paid to Mr. Horowitz was not to exceed $1,250 and that Mr. Kahn was to have a 50% contingent fee. No copy of any such retainer agreement is included in the motion papers, nor is the Court referred to any order of substitution which so provides.

It appears that Mr. Kahn successfully negotiated a settlement of $4,000. He now seeks an order to determine the fees to which the respective attorneys are entitled so that the settlement may be consummated.

The Canons of Professional Ethics (see McKinney's New York Judiciary Law, p. 764, et seq.) provide in part:

"In fixing fees it should never be forgotten that the profession is a branch of the administration of justice and not a mere money-getting trade." Canon 12.

"A contract for a contingent fee, where sanctioned by law, should be reasonable under all the circumstances of the case, including the risk and uncertainty of the compensation, but should always be subject to the supervision of a court as to its reasonableness." Canon 13.

The successive arrangements of the two attorneys by which each was to receive 50% of the recovery would have meant, if literally applied, that the client would have received nothing out of the settlement. Moreover, even if we apply the limited fee of $1,250 to Mr. Horowitz, the result would be that the $4,000 settlement would be distributed as follows:

| | |
|---|---|
| Mr. Horowitz | $1,250. |
| Mr. Kahn | 2,000. |
| The client | 750. |

Any such arrangements would, of course, have been unreasonable and unconscionable.

On the argument of this motion only the attorneys appeared. The client was not present, nor was he represented by independent counsel. The papers submitted on the motion do not provide all the facts which will be necessary to determine the issue presented. No copies of any signed retainer agreements are provided; no statement is made as to whether the retainer agreements were filed with the Appellate Division as required by the rules of the Appellate Division; no proof was afforded as to the amount of services rendered by each of the counsel; no proof was provided as to the amount of disbursements by each of the counsel; no proof was provided as to whether the client understood the net effect of the two alleged successive retainer agreements upon any recovery which he might receive.

Under the circumstances the Court finds it impossible to determine the motion on the papers submitted and directs that the matter be set down for a hearing in Chambers (Room 2102) at 2:00 p.m. on Monday, July 8, 1957, at which both counsel and the client will be present; and the moving party is directed to produce the client at that hearing. So ordered.

Memorandum After Hearing

Pursuant to the memorandum dated June 27, 1957, a hearing has been held in this matter at my Chambers this

day, which date was fixed to meet the convenience of counsel. At this hearing both counsel and plaintiff were present.

At the hearing there was produced a written retainer agreement executed by the plaintiff with Sidney Horowitz, Esq., retaining Mr. Horowitz as plaintiff's counsel and agreeing to pay him 50% of any monies which came into his hands by reason of settlement or otherwise. There was also produced a notice of retainer filed with the Appellate Division on behalf of Herbert Kahn, Esq., which stated that the terms of compensation of Mr. Kahn would be "50% contingency subject to prior attorney's lien."

 The first question which the Court has to consider is the reasonable compensation which the attorneys might have exacted from the client by reason of their handling of this case. Both attorneys have offices in the First Department. The Justices of the Appellate Division of the First Department have promulgated rules binding upon attorneys who have offices in the First Department and have determined that in personal injury cases no attorney shall collect as a contingent fee any compensation which is in excess of the fees set forth in those rules, and the collection of fees in excess of those provided would constitute exaction of unreasonable and unconscionable compensation in violation of Canons 12 and 13 of the Canons of Professional Ethics. This Court, in determining the reasonableness of any fees in this type of action, should be governed by the rules laid down by the Appellate Division with reference to attorneys practicing under their jurisdiction.

On a $4,000 settlement or recovery in this case the maximum attorneys' fees which could be collected on a contingent fee basis would be $1,650 and this Court fixes such amount as the proper fee to be paid to the attorneys jointly in this case.

The next question presented to the Court is the proper allocation between the two attorneys of the $1,650. At the time that Mr. Horowitz withdrew from the case and Mr. Kahn was substituted in his place, there was an agreement that the lien of Mr. Horowitz was to be 50% of any amount in excess of the compensation lien, but not to exceed $1,250. This is a fixed lien of Mr. Horowitz on the action and he should, therefore, receive a sum computed as provided at the time the substitution became effective, which would be $1,250. See Wojcik v. Miller Bakeries Corp., 1957, 2 N.Y.2d 631, 162 N.Y.S.2d 337, 142 N.E.2d 409.

It is therefore directed that the total fee to be charged in this case shall not exceed $1,650, of which $1,250 is payable to Mr. Horowitz and the balance payable to Mr. Kahn. So ordered.